STATE OF LOUISIANA                                    NO. 24-K-518

VERSUS                                                FIFTH CIRCUIT

CODY LABRANCHE                                        COURT OF APPEAL

                                                      STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

_____ November 06, 2024 _____

Susan Buchholz
Chief Deputy Clerk

**IN RE** CODY LABRANCHE

_____

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ELLEN SHIRER KOVACH, DIVISION "K", NUMBER 22-692

_____

Panel composed of Judges Susan M. Chehardy,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED; STAY DENIED**

Defendant, Cody Labranche, seeks review of the trial court's November 4, 2024 ruling denying his motion to continue the jury trial set in this matter which began on November 4, 2024. Defendant argues that on Friday, November 1, 2024, a court holiday, the State "dumped" on the defendant a Cellbrite[1] report, and that defendant needs time to hire his own expert. The State responds that it has already agreed to limit its evidence to 53 particularized items in the complained-of Cellebrite report, and that defendant has not shown a particularized need to hire an expert to assist in "reviewing" the Cellebrite report.

Both defendant and the State requested that we review the transcript of the November 4, 2024 hearing. The transcript was filed with this court on November 6, 2024.

_____

[1] Although defendant refers to the "Cellbrite" report, it appears that the more common spelling is Cellebrite.

24-K-518

The transcript shows that during the hearing, defendant argued that the Cellebrite Reports are expert in nature and include extensive information about the contents of phones, including videos, audios, text messages, and different apps. Defendant contends it is unfair to dump the information so close to the trial without sufficient time to obtain an expert. The State responded that the Cellebrite report is a "plug and play" that has been in use for more than twelve years without requiring expertise to do the actual extraction and download. The State further contends that there are multiple Cellebrite extractions that were turned over in initial discovery. Furthermore, the State alleges that a majority of the evidence it intends to use is duplicative.

The trial court considered and denied defendant's arguments, finding that the report required no interpretation of data, that extraction evidence is allowed "all the time," and that the majority of the Cellebrite extractions were turned over.

According to Code of Criminal Procedure art. 712, "[a] motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor." The decision of whether to grant or refuse a motion for a continuance rests within the sound discretion of the trial judge and a reviewing court will not disturb such a determination absent clear abuse of discretion. *State v. Perilloux*, 21-448 (La. App. 5 Cir. 12/20/23), 378 So.3d 280, 314, *writ denied,* 24-104 (La. 9/4/24), 391 So.3d 1055; State *v. Johnson*, 19-547 (La. App. 5 Cir. 9/9/20), 303 So.3d 381, 390, *writ denied,* 21-017 (La. 4/20/21), 313 So.3d 1257.

Defendant has not shown that he needs an expert to review and provide him a report and perhaps give witness testimony. In *United States v. Williams*, 83 F.4th 994, 998 (5th Cir. 2023), the United States Court of Appeals for the Fifth Circuit considered whether expert testimony was necessary to introduce a Cellebrite report. The Fifth Circuit recognized that the police used a Cellebrite device to

copy the information off defendant's mobile phones, and "an investigator merely plugged each phone into [the Cellebrite device] and ran the program. The program pulled out the user data—including any messages, videos, or emails sent, received, or recently deleted—along with the apps used on the phone". *Id.* at 995. The Fifth Circuit concluded that "[w]ithout a showing of specialized knowledge, the mere use and understanding of a Cellebrite extract at trial is insufficient to require an expert." *Id.* at 998.

Thus, on the showing made, we cannot say that the trial court abused its discretion in denying defendant's motion to continue trial. For these reasons, we deny defendant's emergency writ application and his motion to stay the proceedings.

Gretna, Louisiana, this 6th day of November, 2024.

**SUS**
**SMC**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/06/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-518**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Ellen Shirer Kovach (DISTRICT JUDGE)
Darren A. Allemand (Respondent)       Thomas J. Butler (Respondent)
                                      Mark D. Plaisance (Relator)

### MAILED

Remy V. Starns (Relator)          Paul C. Fleming, Jr. (Relator)      Marcus J. Plaisance (Relator)
Attorney at Law                   Cesar J. Vazquez (Relator)         Attorney at Law
301 Main Street                   Letita J. Parker-Davis (Relator)   Post Office Box 1123
Suite 700                         Attorneys at Law                   Prairieville, LA 70769
Baton Rouge, LA 70825             848 Second Street
                                  Gretna, LA 70053
Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053